UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jason Smith and Carrie Smith,                          Civil No. 06-1398 (PAM/RLE)

Plaintiffs,

v.                                                     **MEMORANDUM AND ORDER**

Eye Safety Systems, Inc.,

Defendant.

_____

This matter is before the Court on Plaintiffs' Motion to Remand and Defendant's Motion for Summary Judgment.  For the reasons that follow, the Court grants the Motion to Remand and denies as moot the Motion for Summary Judgment.

**BACKGROUND**

Plaintiff Jason Smith is a member of the Glyndon Volunteer Fire Department.  On August 13, 2005, he and other firefighters participated in a water game as part of Glyndon Fun Days, wherein opposing teams used water from fire hoses to move a metal ball down a cable.  During the game, a fire hose sprayed Smith in the eye, injuring him.  At the time, Smith wore goggles manufactured by Defendant Eye Safety Systems, Inc. (ESS).  Smith maintains that the water stream dislodged the goggle lens from the frame, causing the goggles to fill up with water.  He further contends that the water ripped the goggles off his face, allowing the water stream to strike him in the eye.

Smith claims that he suffered permanent eye injury as a result of being struck in the eye with the water stream.  Since the incident, the pupil in his left eye no longer dilates or

contracts. He must administer eye drops every three to four hours, and experiences blurred vision for approximately one hour after the drops. Without the drops, his left eye is extremely sensitive to bright lights. In addition, he has problems with depth perception and suffers from blurry vision in his left eye. Finally, he is more susceptible to blindness if his left eye is injured again.

Jason and Carrie Smith allege that the goggles, which were sold as suitable for wear by firefighters, failed to prevent the injury. They commenced this action in Minnesota state court, asserting claims of breach of warranty, negligent design, negligent manufacture, failure to warn, and loss of consortium. The Complaint states that each seeks "reasonable damages in excess of $50,000."[1] (Compl. ¶¶ 12-13.) In support of their Motion to Remand, Jason and Carrie Smith aver that neither seeks more than $75,000 in damages. (Jason Smith Aff. ¶ 2; Carrie Smith Aff. ¶ 2.)

**DISCUSSION**

**A.     Motion to Remand**

ESS removed this action to federal court based on diversity jurisdiction, submitting that the amount in controversy exceeded $75,000. Federal district courts have original jurisdiction over all civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Because ESS is invoking federal

---

[1] This comports with Minnesota Rule of Civil Procedure 8.01, which provides: "If a recovery of money for unliquidated damages in an amount greater than $50,000 is demanded, the pleading shall state merely that recovery of reasonable damages in an amount greater than $50,000 is sought."

jurisdiction, it must establish the requisite amount by a preponderance of the evidence.[2]
Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005) (citation omitted).

Jason and Carrie Smith aver that neither seeks more than $75,000.  The parties agree that the claims asserted by each Plaintiff cannot be aggregated to meet the jurisdictional amount.  See Thomson v. Gaskill, 315 U.S. 442, 446 (1942) (claims by different plaintiffs can be aggregated only if the plaintiffs have a common, undivided interest); see also Huffer v. Kozitza, 375 N.W.2d 480, 482 (claim for personal injury and a claim for loss of consortium are separate claims with separate injuries).  However, ESS submits evidence that Jason Smith will likely recover more than $75,000 for his permanent eye injury.   In particular, it presents evidence of similar cases that have settled for $175,000 and jury awards of over $100,000 for permanent vision disturbances.

Dyrda v. Wal-Mart Stores, Inc., 41 F. Supp. 2d 943 (D. Minn. 1999) (Alsop, J.), is directly on point.  As in this case, the complaint in Dyrda did not allege a specific amount of damages, but contained a prayer for relief in excess of $50,000, as required by Minnesota Rule of Civil Procedure 8.01.  The defendant removed the action to federal court, and the plaintiff moved to remand.  To establish its position that the amount in controversy exceeded $75,000, the defendant offered evidence that verdicts and settlements in other cases where plaintiffs suffered similar injuries were valued at more than $75,000.  At the hearing on the

---

[2] There is no dispute that the diversity-of-citizenship requirement under 28 U.S.C. § 1332(a)(1) is satisfied.

motion, the plaintiff stipulated to damages less than $75,000.  Id. at 945-46.

Judge Alsop remanded the case.  He held that when the state court complaint alleges damages pursuant to state law "in an amount greater than $50,000" and thereafter the plaintiff stipulates to a recovery less than the jurisdictional amount of $75,000, the stipulation governs and the jurisdictional amount is not satisfied.  Id. at 946.

In this case, Jason and Carrie Smith each seek "reasonable damages in excess of $50,000" but have stated under oath that neither seeks more than $75,000 damages.  Based on their averments, the Court finds Dyrda on point and remand appropriate.

**B.    Summary Judgment**

Because the amount in controversy does not meet the threshold set forth in 28 U.S.C. § 1332(a), the Court lacks subject matter jurisdiction over this action.  Accordingly, the Motion for Summary Judgment is moot.

**CONCLUSION**

Because Plaintiffs have stipulated to a loss amount less than the jurisdictional requirement, the Court remands this action to Clay County District Court.  Consequently, the Motion for Summary Judgment is moot.  Accordingly, **IT IS HEREBY ORDERED** that:

1.    Defendant Eye Safety Systems, Inc.'s Motion for Summary Judgment (Docket No. 18) is **DENIED as moot**;

2.    Plaintiffs' Motion to Remand (Docket No. 30) is **GRANTED**; and

3.    This case is **REMANDED** to Clay County District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   January   12, 2007

                                        s/Paul A. Magnuson
                                        Paul A. Magnuson
                                        United States District Court Judge